UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO: 3:15-cr-18-MMH-JRK

CHRISTOPHER CARL WILLIAMS          ORDER ON MOTION FOR
                                                      SENTENCE REDUCTION UNDER
                                                      18 U.S.C. § 3582(c)(1)(A)

_____

O R D E R

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for

a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the

applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy

statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒  DENIED after complete review of the motion on the merits.

☒  FACTORS CONSIDERED

Defendant Christopher Carl Williams is a 52-year-old inmate incarcerated at

Great Plains C.I., serving a 90-month term of imprisonment for conspiracy to possess

with intent to distribute five kilograms or more of cocaine. (Doc. 110, Judgment).

According to the Bureau of Prisons (BOP), he is scheduled to be released from prison

on July 12, 2021. Williams seeks compassionate release because of the Covid-19

pandemic and because he is African-American, has high blood pressure, and has high

cholesterol. (Doc. 121, Emergency Motion for Compassionate Release) ("Motion").

Williams also points to the hardships imposed by his facility's lockdown measures.

A movant for compassionate release bears the burden of proving that a sentence reduction is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate). The statute provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... if it finds that extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c)(1)(A). "Because the statute speaks permissively and says that the district court 'may' reduce a defendant's sentence after certain findings and considerations, the court's decision is a discretionary one." United States v. Harris, No. 20–12023, 2021 WL 745262, at *2 (11th Cir. Mar. 2, 2021) (published). As the Third Circuit Court of Appeals has observed, the mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Williams has not demonstrated extraordinary and compelling reasons warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A). According to the Centers for Disease Control (CDC), some conditions are known to increase the risk of severe illness from Covid-19 while other conditions might increase the risk of serious

infection.[1] High blood pressure falls into the latter category, while high cholesterol and race do not fall into either category.[2] High blood pressure is not an extraordinary condition either. The CDC reports that 108 million adults in the United States (about 45% of the adult population) have high blood pressure or take medication for the condition.[3] Williams offers no evidence that hypertension impairs his ability to care for himself or conduct the activities of daily living. And, although most of Williams's medical records are from 2017–2019 (see Doc. 121-4, Movant's Exhibit D), they reflect that Williams's conditions are being monitored and treated, see, e.g., id. at 1–3, 16–30, 69–72. Indeed, Williams is classified as a Care Level 1 "healthy/simple care" inmate. (Doc. 121-6, Movant's Exhibit F at 2).

The BOP has modified operations throughout its facilities to address the Covid-19 pandemic (such as restricting prisoners' movements and limiting how much time they can spend in common areas). Although these modified operations may impose hardships on inmates, the same hardships are experienced by all inmates at the same institution. And, such hardships arise precisely because the BOP is attempting to

---

[1]     https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[2]     The Court recognizes that African-Americans are at increased risk of hospitalization or death from Covid-19, but this appears to be due to factors correlated with race rather than race being an intrinsic risk factor. The CDC explains: "Race and ethnicity are risk markers for other underlying conditions that affect health including socioeconomic status, access to health care, and exposure to the virus related to occupation, e.g., frontline, essential, and critical infrastructure workers." https://www.cdc.gov/coronavirus/2019-ncov/covid-data/investigations-discovery/hospitalization-death-by-race-ethnicity.html. Although Williams is African-American, his only underlying conditions are hypertension and high cholesterol, and he has access to the same healthcare as his fellow inmates.

[3]     https://www.cdc.gov/bloodpressure/facts.htm.

contain the spread of Covid-19. It would be incongruous to find that the very precautions undertaken by the BOP to limit the spread of Covid-19 also give rise to "extraordinary and compelling" reasons for a sentence reduction. As such, the modified operations at Williams's facility do not constitute an "extraordinary and compelling" circumstance.

Accordingly, Williams has not demonstrated that his circumstances are so extraordinary and compelling as to warrant a reduction of his sentence. See 18 U.S.C. § 3582(c)(1)(A).[4] Because the Court concludes that Williams has not established extraordinary and compelling reasons, it need not address the § 3553(a) factors. Accordingly, Defendant Christopher Carl Williams's Emergency Motion for Compassionate Release (Doc. 121) is **DENIED**.[5]

**DONE AND ORDERED** at Jacksonville, Florida this 23rd day of March, 2021.

MARCIA MORALES HOWARD
United States District Judge

Lc 19
Copies:
Counsel of record
Defendant

---

[4]     The Court recognizes there is a split of authority over whether district courts are bound by the list of extraordinary and compelling reasons contained in U.S.S.G. § 1B1.13, cmt. 1(A)-(D). See, e.g., United State v. Ruffin, 978 F.3d 1000, 1006–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 234 (2d Cir. 2020). The Court's decision does not depend on the resolution of that issue because it would reach the same conclusion if it had discretion to identify extraordinary and compelling reasons.

[5]     The Court also notes that Williams is subject to an Immigration and Customs Enforcement (ICE) detainer and possible deportation. See Motion at 4–6; Movant's Ex. F at 2. Even if the Court granted Williams's request for release from prison, it is possible he would be detained and transferred to an ICE facility where conditions would not necessarily be any better than his current institution.